UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC J. SIMPSON,

        Petitioner,        Case No. 4:17-cv-13365
                                Honorable Linda V. Parker

v.

JOSEPH BARRETT,

        Respondent.
_____/

## **OPINION AND ORDER GRANTING MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 7]**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Cedric J. Simpson ("Petitioner") was convicted after he pled guilty in the Circuit Court for Oakland, Michigan, to surveillance of an unclothed person (second or subsequent offense), in violation of Michigan Compiled Laws § 750.539j(2)(a)(ii). The trial court sentenced Petitioner to a term of 5 to 10 years' imprisonment. Petitioner raises one claim in his habeas application: Petitioner's sentence was based on inaccurate information. Before the Court is Petitioner's motion to stay the petition so that he can return to the state courts to exhaust his remedies with respect to three additional claims. For the reasons that follow, the Court is granting the motion.

**Background**

1

Petitioner filed a direct appeal in the Michigan Court of Appeals following his conviction and sentence. His application for leave to appeal raised three claims: (1) the trial court erred in requiring Petitioner to register as a Tier III sex offender; (2) the sentence was based on inaccurate information; and (3) Petitioner was erroneously ordered to reimburse the trial court for his stand-by counsel. (*See* Pet. at 2, ECF No. 1 at Pg ID 2.) The Michigan Court of Appeals granted leave to appeal and, in an unpublished opinion, remanded the case to the trial court to alter the judgment of sentence to reflect that Petitioner was a Tier II sex offender. *People v. Simpson*, No. 324889, 2016 WL 1072209 (Mich. Ct. App. March 17, 2016). The state appellate court rejected Petitioner's other claims. (*Id.*)

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the claims rejected by the Michigan Court of Appeals. On October 26, 2016, the Michigan Supreme Court denied the application by standard order. *People v. Simpson*, 886 N.W.2d 435 (Mich. 2016).

When the ninety-day period for Petitioner to seek a petition for writ of certiorari with the United States Supreme Court expired with Petitioner not seeking the writ, the one-year statute of limitations for Petitioner to file his federal habeas petition started running. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final for purposes of the habeas statute of limitations when the

2

time for filing a certiorari petition expires). The ninety-days expired on January 25, 2017.

Petitioner filed the present federal habeas petition on October 10, 2017.

**Discussion**

Aside from the exhausted sentencing claim raised in the habeas petition, Petitioner asserts that he wishes to raise three additional claims that were not presented to the state courts: (1) Petitioner's guilty plea was involuntarily entered; (2) Petitioner was denied the effective assistance of appellate counsel; and (3) application of Michigan's Sex Offender Registry law to his case violates his rights under the Ex Post Facto Clause.

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).

A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan

Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A federal district court has discretion to stay a petition raising unexhausted claims to allow a petitioner to present those claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in limited circumstances such as when the one-year statute of limitations poses a concern and the petitioner demonstrates good cause for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not plainly meritless. *Id.* at 277.

In the pending case, Petitioner's unexhausted claims do not appear to be plainly meritless, and he does not appear to be engaged in dilatory litigation tactics. For good cause for failing to raise his unexhausted claims earlier, Petitioner asserts that his appellate counsel was ineffective for failing to include them during his direct appeal proceeding.

Almost ten months of the one-year statute of limitations had elapsed by the time Petitioner filed the instant petition. As such, outright dismissal of this case while Petitioner completes exhaustion of his claims could result in the one-year

4

statute of limitations barring subsequent petition. The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner exhausts his state remedies with respect to his three new claims.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

Therefore, this Court is conditioning the stay on time limits within which Petitioner must proceed. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Specifically, the Court is conditioning the stay on Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within 60 days of this order, filing timely appeals through the Michigan Court of Appeals and Michigan Supreme Court, and then filing a motion to reopen this case within 60 days of exhausting his state court remedies. *See Hargrove v. Brigano*, 300 F.3d 717, 718 (6th Cir. 2002).

Accordingly,

**IT IS ORDERED** that Petitioner's motion to hold his habeas petition in abeyance (ECF No. 7) is **GRANTED** and this case is **CLOSED** for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

**IT IS FURTHER ORDERED** that the Court's stay is conditioned on Petitioner raising his unexhausted claims in the state trial court within **sixty (60) days** of the date of this order, if he has not already done so.

**IT IS FURTHER ORDERED** that, if Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to re-open this case. The amended petition and motion to re-open this case <u>must contain the case number that appears in the caption of this order</u>, and it must be filed within **sixty (60) days** of exhausting state remedies for Petitioner's new claims. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager